**Kristine Osuna,** OSB #243123
kosuna@oregonlawcenter.org
Oregon Law Center
PO Box 297
Woodburn, OR 97071
(503) 224-7157
*Other Counsel for Plaintiff listed on signature page*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **VICTOR LUCIO PACHECO HERRERA,** | Case No.:  **1:26-cv-00951** |
| Plaintiff, | **COMPLAINT** |
| vs. | Oregon Wage and Hour Laws, Unlawful Employment Practices, Migrant and Seasonal Worker Protection Act, (29 U.S.C. § 1801, *et seq.*), Oregon Contractor Registration Act |
| **ARTURO CONCHAS DBA RAINDROP REFORESTATION, DEL-AL ASSOCIATES, INC. and DEL AL MEXICO, S DE RL DE CV.** | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Page 1 – COMPLAINT

## I.    INTRODUCTION

1.    Arturo Conchas dba Raindrop Reforestation ("Defendant Conchas") employed Victor Lucio Pacheco Herrera ("Plaintiff Pacheco Herrera") from approximately July 2023 to November 2023 and May 2024 to December 2024.

2.    In 2024, Defendant Conchas submitted Form ETA-9142B, H-2B Application for Temporary Employment Certification ("job order"), with the U.S. Department of Labor to seek reforestation workers.

3.    DEL-AL Associates, Inc. and/or Del Al Mexico, S de RL de CV ("Defendant Del Al") recruited Plaintiff Pacheco Herrera and other workers in Mexico on behalf of Defendant Conchas to participate in the H-2B program, as listed in the 2024 job order submitted by Defendant Conchas and published on the U.S. Department of Labor website.

4.    Defendant Del Al was paid or promised a fee or other renumeration for recruiting workers for Defendant Conchas to work in reforestation work.

5.    Defendant Del Al is not licensed as a farm and forest labor contractor in Oregon.

6.    Defendant Del Al is not registered with the U.S. Department of Labor as a farm labor contractor.

7.    Defendant Del Al continues to operate as a foreign labor recruiter in Oregon for fiscal year 2026.

8.    Defendant Conchas hired temporary workers, including Plaintiff Pacheco Herrera, through the H-2B program to perform reforestation work.

9.    Although this work required significant long-distance travel from Medford, Oregon to towns throughout Oregon, California, Colorado and New Mexico and from these towns to

remote forest worksites, Defendant Conchas did not compensate Plaintiff Pacheco Herrera for any travel time.

10.     Defendant Conchas only disclosed working at various sites around Oregon and California in the 2024 job order published on the U.S. department of Labor. Defendant Conchas did not disclose the Plaintiff Pacheco Herrera would also be working in New Mexico and Colorado.

11.     Defendant Del Al withheld Plaintiff Pacheco Herrera's passport and H-2B visa until Plaintiff Pacheco Herrera paid around 3500 to 4000 Mexican pesos (approx. $200 – $229 USD) to Defendant Del Al.

12.     When a tree fell on Plaintiff Pacheco Herrera's ankle in September 2024, causing a fracture that ultimately required surgery, Defendant Conchas tried to dissuade him from seeking proper medical treatment and initiating a workers' compensation claim.

13.     After Plaintiff Pacheco Herrera insisted on his intention to seek treatment through the workers' compensation system, Defendant Conchas abandoned Plaintiff Pacheco Herrera in Medford with nowhere to stay while the rest of the crew continued on to California, forcing him to seek his own medical care, housing and financial assistance while recuperating from his injury.

14.     Plaintiff Pacheco Herrera was required to pay for his own travel, meals and lodging to return to Mexico.

15.     The following season, Defendant Conchas did not rehire Plaintiff Pacheco Herrera, despite his having worked with Defendant Conchas for two seasons without any indication of dissatisfaction with his performance of his job duties.

16.     Defendant Conchas did not rehire Plaintiff Pacheco Herrera because of his invocation of the workers' compensation system.

17.    Plaintiff Pacheco Herrera asserts claims for violations of the Migrant and Seasonal Agricultural Worker Protection Act, (29 U.S.C. § 1801, et seq), ("AWPA"), Oregon Wage and Hour Laws, California Wage and Hour Laws, Colorado Wage and Hour Laws, New Mexico Wage and Hour Laws, the Oregon Contractor Registration Act (ORS 658.405, et seq.), ("OCRA"), and for Unlawful Employment Practices pursuant to ORS 659A.040.

## II.    JURISDICTION

18.    This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as this action arises under federal law, pursuant to 28 U.S.C. §1337, as this action arises under an act of Congress regulating commerce and under 29 U.S.C. §1854 as this action arises under AWPA.

19.    Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff Pacheco Herrera's state law claims, as they are so related to claims within the Court's original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

20.    On September 19, 2025, Plaintiff Pacheco Herrera filed a complaint with the Oregon Bureau of Labor and Industries (BOLI) alleging workers' compensation retaliation pursuant to ORS 659A.040. He received a right-to-sue letter from BOLI on March 27, 2026.

21.    On May 12, 2026 Plaintiff Pacheco Herrera, through counsel, filed a complaint with the BOLI Commissioner pursuant to ORS 658.453 and OAR 839-015-0600 by mailing a copy of this complaint to the Wage and Hour Division of BOLI.

## III. VENUE

22.    Venue is proper because a substantial part of the events or omissions giving rise to Plaintiff Pacheco Herrera's claims occurred in this District. 28 U.S.C. § 1391(b)(2). Venue is

further proper because Defendant Conchas is a sole proprietorship with its principal place of business in Medford, Jackson County, OR. 28 U.S.C. § 1391(c)(2).

23.    For the same reasons, divisional venue is proper pursuant to Local Rule 3-2.


## IV. PARTIES

24.    Plaintiff Pacheco Herrera is an individual who is domiciled in Mexico.

25.    Defendant Conchas is a sole proprietor with his principal place of business in Medford, Jackson County, Oregon.

26.    Defendant Conchas is a registered farm labor contractor with the U.S. Department of Labor.

27.    Defendant Conchas is also a licensed farm and forest labor contractor with BOLI.

28.    Defendant DEL-AL Associates Inc. is a stock corporation registered in Virginia with its principal office address and registered agent in Charlottesville, Virginia.

29.    Defendant Del Al Mexico, S de RL de CV is a Mexican limited liability company.

## V.  FACTS

30.    In or around April 2023 Defendant Del Al Associates, Inc. and/or Del Al Mexico, S de RL de CV ("Defendant Del Al") recruited Plaintiff Pacheco Herrera in Mexico on behalf of Defendant Conchas to perform reforestation work.

31.    Plaintiff Pacheco Herrera traveled from Mexico to Medford, Oregon where he began working for Defendant Conchas.

32.    Defendant Conchas employed Plaintiff Pacheco Herrera from approximately July 2023 until November 2023.

33.    In or around February 2024, Defendant Del Al recruited Plaintiff Pacheco Herrera in

Mexico on behalf of Defendant Conchas to perform reforestation work and Plaintiff Pacheco Herrera traveled from Mexico to Medford, Oregon where he began work on or around May 6, 2024.

34. In 2023, Defendant Conchas promised Plaintiff Pacheco Herrera a basic hourly wage rate of $15.50 - $22.60 per hour, which Plaintiff Pacheco Herrera accepted.

35. In 2024, Defendant Conchas and Defendant Del Al promised Plaintiff Pacheco Herrera a basic hourly wage rate of $16.35 - $22.60 per hour, which Plaintiff Pacheco Herrera accepted.

36. Plaintiff Pacheco Herrera incurred approximately $2,500 in travel and visa expenses to travel from Mexico to Medford in order to work for Defendant Conchas between 2023 and 2024.

37. Defendant Conchas did not execute a written agreement with Plaintiff Pacheco Herrera containing the terms and conditions of the job before Plaintiff Pacheco Herrera began work.

38. During his employment with Defendant Conchas, Plaintiff Pacheco Herrera and the rest of the crew traveled from Medford, Oregon to towns throughout Oregon, California, New Mexico and Colorado where they stayed in temporary lodging for days at a time.

39. Before leaving Medford, Defendant Conchas typically required the crew to work together to help load trailers with tools, equipment and fuel required to perform their work. All of the workers, including Plaintiff Pacheco Herrera, always participated. Occasionally they would unload these materials in the evenings after arriving at their destination.

40. Defendant Conchas did not pay the crew for time spent loading or unloading supplies and equipment.

41. Plaintiff Pacheco Herrera was not free to stop along the route from Medford. Defendant Conchas or one of the drivers employed by Defendant Conchas made decisions about where to stop along the route from Medford to the towns throughout Oregon, California, New Mexico and

Colorado.

42.    Defendant Conchas required the crew to meet each morning outside their hotel to travel together in Raindrop Reforestation vans from the temporary housing to a remote forest location.

43.    The workers traveled by van for approximately one to two hours before arriving at the nearest parking area or road, closest to the remote forest work site.

44.    The work vans Defendant Conchas used to transport members of the crew from Medford to towns throughout Oregon, California, New Mexico and Colorado, and daily from hotels to the remote forest work sites, did not have a seat belt for each passenger. Although the van could accommodate approximately 15 passengers, each had only two to three working seatbelts.

45.    At least one of the individuals that Defendant Conchas paid to drive the vans lacked a valid U.S. driver's license for several months into the 2024 season.

46.    After arriving at the remote forest location, the crew would then unload equipment, such as chainsaw protective chaps, helmets, saws, fuels, water bottle and sometimes Stihl 500 chainsaws, and walk an average of 30 minutes to a work site located in the forest.

47.    Plaintiff Pacheco Herrera and the other workers only were compensated for time worked after they arrived at the work site in the forest.

48.    Counting from the time the crew arrived to the remote forest work site until the crew left the work site, the crew typically worked for seven hours with a single break for lunch.

49.    Defendant Conchas or another supervisor often cut short Plaintiff Pacheco Herrera's lunch break after only 15-20 minutes.

50.    After completing work in the forest, the crew again walked, carrying their equipment, an average of 30 minutes back to the vehicles.

51.    Upon arriving at the vans, Plaintiff Pacheco Herrera was required to ride in a van back to his temporary lodging at the hotel.

52.    The trip from where the vans were parked in the forest back to the hotel typically took one to two hours.

53.    Defendant Conchas did not pay Plaintiff Pacheco Herrera for travel time from Medford to towns in Oregon, California, New Mexico and Colorado.

54.    Defendant Conchas did not pay Plaintiff Pacheco Herrera for travel time from or to the hotel to the closest parking spot near the forest work site.

55.    Defendant Conchas did not pay Plaintiff Pacheco Herrera for travel time spent carrying equipment on foot from the road parking spot to the forest work site or back.

56.    In each state, Plaintiff Pacheco Herrera and the crew slept in hotel or motel rooms controlled by Defendant Conchas.

57.    The rooms controlled by Defendant Conchas typically contained two double beds for four adult men, requiring two men to share a bed or forcing two people to sleep on the floor.

58.    Defendant Conchas rarely provided motels with a kitchen to allow Plaintiff Pacheco Herrera to cook. Plaintiff Pacheco Herrera resorted to buying a grill, so he could cook outdoors. Plaintiff Pacheco Herrera used the parking lot, benches or another open outdoor area to cook, oftentimes in cold, wet or snowy conditions.

59.    Defendant Conchas provided Plaintiff Pacheco Herrera with lodging at some motels that were infested by fleas or bedbugs.

60.    Defendant Conchas also provided lodging to Plaintiff Pacheco Herrera by using a shed at his son's ranch to house Plaintiff Pacheco Herrera and his coworkers between jobs.

61. The shed at Defendant Conchas' son's ranch lacked a bed, electricity, water, or bathrooms. Plaintiff Pacheco Herrera slept on the floor using a sleeping bag.

62. Plaintiff Pacheco Herrera generally stayed on the ranch for up to 8 days at a time.

63. Plaintiff Pacheco Herrera was also subjected to a stressful environment, as crew members frequently engaged in arguments within the overcrowded motel rooms.

64. Plaintiff Pacheco Herrera did not receive any safety training from Defendant Conchas.

65. Although he knew that the work his crew was doing was very hazardous, Defendant Conchas deliberately chose not to train Plaintiff Pacheco Herrera on how to operate chainsaws, handsaws, or any other equipment.

66. Defendant Conchas was aware of state administrative rules and federal safety regulations and chose not to comply with them, deliberately declining to spend time and money to protect his workers from known risks associated with reforestation work.

67. Plaintiff Pacheco Herrera was required to purchase his own helmet, boots and gloves.

68. Defendant Conchas did not post in a conspicuous place a poster provided by the Secretary of Labor setting forth the rights and protections afforded by AWPA.

69. Defendant Conchas did not post a statement of the terms and conditions of the housing.

70. On September 20, 2024, Plaintiff Pacheco Herrera was using a chainsaw to cut pine trees when a tree fell on his right ankle, causing him to fall on the ground.

71. These events resulted in an internal injury to Plaintiff Pacheco Herrera's foot. Plaintiff Pacheco Herrera was later diagnosed with a displaced bimalleolar fracture in his right ankle.

72. Plaintiff Pacheco Herrera was in too much pain to move from the place where he fell.

73.    Defendant Conchas was working nearby and saw Plaintiff Pacheco Herrera on the ground but deliberately instructed Plaintiff Pacheco Herrera's assigned partner to leave him there and to continue working until the end of the shift.

74.    Approximately 30 minutes later, Defendant Conchas instructed Plaintiff Pacheco Herrera to return to the work vans, but Plaintiff Pacheco Herrera was in too much pain and his foot was too swollen to move on his own.

75.    As a result, Plaintiff Pacheco Herrera sat on the cold, icy ground for three to four hours.

76.    Defendant Conchas deliberately refused to assist Plaintiff Pacheco Herrera because he wanted to avoid a workers' compensation claim for on-the-job injury.

77.    Eventually, the crew finished their work at which point other workers helped Plaintiff Pacheco Herrera return to the vans.

78.    Defendant Conchas transported Plaintiff Pacheco Herrera to two different clinics in Colorado, where clinic staff confirmed that his ankle was broken, wrapped his broken ankle and told him to see a specialist.

79.    When Plaintiff Pacheco Herrera arrived at the first clinic, Defendant Conchas got out of the van and told Plaintiff Pacheco Herrera not to report the accident as having occurred at work because he did not want to use Raindrop Reforestation's insurance, which would cause the insurance rates to rise and damage its reputation.

80.    Defendant Conchas accompanied Plaintiff Pacheco Herrera during this clinic visit to ensure that he did not report an on-the-job injury.

81.    Plaintiff Pacheco Herrera was then taken to a second clinic in Colorado, where Defendant Conchas told the driver of the van to accompany Plaintiff Pacheco Herrera into the clinic in an

Page 10 – COMPLAINT

effort to prevent Plaintiff Pacheco Herrera from reporting an on-the-job injury. The second clinic also did not have a specialist and could not provide further medical treatment.

82.     After Plaintiff Pacheco Herrera returned to the hotel from the clinic visits, Defendant Conchas offered that if Plaintiff Pacheco Herrera returned to Mexico to obtain medical treatment, he, Defendant Conchas, would pay for the treatment, or that he would continue to pay Plaintiff Pacheco Herrera and take care of his medical expenses if he did not report the injury to workers' compensation.

83.     During the same conversation that night, Plaintiff Pacheco Herrera insisted to Defendant Conchas that he wanted to seek proper treatment through worker's compensation insurance.

84.     Plaintiff Pacheco Herrera and the rest of the crew drove from Colorado back to Medford on or around Sunday, September 22, 2024, where they stayed overnight in a hotel.

85.     Plaintiff Pacheco Herrera purchased prescribed pain medication at his own expense, but Plaintiff Pacheco Herrera's foot had not been properly treated and remained only wrapped during the car ride from Colorado to Medford.

86.     Defendant Conchas told Plaintiff Pacheco Herrera that Defendant Conchas would take Plaintiff Pacheco Herrera to another clinic on Monday, September 23, 2024.

87.     On Monday, September 23, 2024, Plaintiff Pacheco Herrera waited for Defendant Conchas at the hotel in Medford, but Defendant Conchas never arrived. Instead, Plaintiff Pacheco Herrera learned that the crew had departed for another job in California.

88.     Plaintiff Pacheco Herrera was forced to leave the hotel because Defendant Conchas deliberately left Plaintiff Pacheco Herrera at the hotel without paying for any other nights of accommodation and Plaintiff Pacheco Herrera was without sufficient funds to pay.

89.    Defendant Conchas deliberately abandoned Plaintiff Pacheco Herrera in Medford without medical treatment, transportation or funds for food or housing in order to avoid incurring a workers' compensation claim on Plaintiff Pacheco Herrera's part.

90.    Although Defendant Conchas was aware of Plaintiff Pacheco Herrera's on-the-job injury, Defendant Conchas deliberately refused to report that injury to his insurance provider.

91.    Defendant Conchas deliberately refused to arrange medical treatment, first aid or transportation to a medical provider who could assist Plaintiff Pacheco Herrera with needed treatment.

92.    Plaintiff Pacheco Herrera was able to find a friend in Medford to drive him to receive medical treatment.

93.    Plaintiff Pacheco Herrera ultimately received treatment at a hospital where staff helped him report his injury and initiate a workers' compensation claim.

94.    Plaintiff Pacheco Herrera received surgery on his ankle in late September or early October 2024 and was told his recovery would take three to four months.

95.    From September 23, 2024, until approximately a week after his surgery, Plaintiff Pacheco Herrera stayed in a friend's trailer that lacked electricity, water or insulation.

96.    Plaintiff Pacheco Herrera paid for his own travel expenses back to Mexico.

97.    In or around March or April 2025, Plaintiff Pacheco Herrera learned that other members of the Raindrop Reforestation H-2B crew had been contacted to return for the following season.

98.    Plaintiff Pacheco Herrera and another H-2B worker who had been injured in 2024 while working for Defendant Conchas were not contacted to return.

99.    Plaintiff Pacheco Herrera received a list of crew members chosen to work with Defendant Conchas for the 2025 season, and his name was not included as it had been for the prior two seasons.

100.    Plaintiff Pacheco Herrera expected to return to work with Defendant Conchas, as after the 2023 season, it was unnecessary for him to reapply with Defendant Conchas and/or Defendant Del Al to be automatically considered for the following season.

101.    Plaintiff Pacheco Herrera was denied the opportunity to work for Defendant Conchas during the 2025 season and since because of his invocation of the workers' compensation system and because of his exercise of rights granted to reforestation workers under AWPA and OCRA.

102.    Plaintiff Pacheco Herrera suffered damages as a result of Defendant Conchas's violations of his legal rights, including emotional distress damages.

## VI.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Violation of Migrant and Seasonal Worker Protection Act**
**Defendant Conchas**

103.    Defendant Conchas is a farm labor contractor as defined in 29 U.S.C. § 1802 in that he recruited, solicited, hired, employed, furnished and/or transported migrant agricultural workers for another for remuneration.

104.    Plaintiff Pacheco Herrera was a migrant agricultural worker as defined in 29 U.S.C. § 1802(8)(A) who was hired by Defendant Conchas to perform agriculture employment of a seasonal nature and was required to be absent overnight from his permanent place of residence.

105.    Defendant Conchas failed to accurately disclose employment conditions to Plaintiff Pacheco Herrera in writing in violation of 29 U.S.C. § 1821(a).

106.    Defendant Conchas failed to post in a conspicuous place a poster provided by the

Page 13 – COMPLAINT

Secretary of Labor setting forth the rights and protections afforded by AWPA in violation of 29 U.S.C. § 1821(b).

107.    Defendant Conchas failed to make, keep, and preserve accurate time records of Plaintiff Pacheco Herrera's compensable travel time in violation of 29 U.S.C. § 1821(d)(1)(C).

108.    Defendant Conchas failed to pay Plaintiff Pacheco Herrera his wages when due in violation of 29 U.S.C. § 1822(a).

109.    Defendant Conchas provided housing to Plaintiff Pacheco Herrera that did not meet the requisite health standards in that occupants were forced to share beds or sleep on the floor in violation of 29 U.S.C. § 1823; OAR 437-004-1120 (16)(f)(G).

110.    Defendant Conchas provided transportation to Plaintiff Pacheco Herrera in unsafe vehicles in violation of 29 U.S.C. § 1841(a)-(b).

111.    Defendant Conchas retaliated against Plaintiff Pacheco Herrera because he exercised, with just cause, rights or protections afforded by AWPA in violation of 29 U.S.C. § 1855 (a).

112.    Defendant Conchas used the services of Defendant Del Al, which was acting as a farm labor contractor by recruiting and soliciting agricultural workers without a certificate of registration in violation of 29 U.S.C. § 1811(c) and without taking reasonable steps to determine whether Defendant Del Al possessed a certificate of registration, in violation of 29 U.S.C. § 1842.

113.    Defendant Conchas' actions were intentional for purposes of the AWPA (29 U.S.C. § 1854(c)(1)), because they were the natural consequences of the deliberate and conscious actions of the Defendant Conchas.

114.    Pursuant to the AWPA, 29 U.S.C. §1854(c)(2), Plaintiff Pacheco Herrera attempted in good faith to resolve this dispute without litigation, including sending a demand letter through

counsel on February 17, 2026. Plaintiff Pacheco Herrera's counsel previously sent Defendant Conchas letters requesting Plaintiff Pacheco Herrera's personnel file on May 7, 2025, and July 3, 2025, but received no response. In an effort to resolve this matter, Plaintiff Pacheco Herrera also filed complaints with BOLI on August 1, 2025, and on September 19, 2025, regarding failure to provide Plaintiff Pacheco Herrera's personnel file and for workers' compensation retaliation respectively.

115. Plaintiff Pacheco Herrera seeks damages pursuant to 29 U.S.C. §1854(c).

**SECOND CLAIM FOR RELIEF**
**Breach of Contract – Unpaid Wages**
**Defendant Conchas**

116. Defendant Conchas willfully failed to pay Plaintiff Pacheco Herrera for compensable travel time pursuant to each state's wage and hour laws. *See* OAR 839-020-0045(3), Dep't of Lab. & Emp., 7 Colo. Code Regs. 1103-1 Rule 1.9, Cal. Code. Regs. Tit. 8 § 11140(2)(G) and NM Stat § 50-4-21(A) and therefore failed to pay Plaintiff Pacheco Herrera at his contract rate of $16.35 - $22.60 for each hour he worked in 2024 and at his contract rate of $15.50 - $22.60 for each hour he worked in 2023.

117. Defendant Conchas failed to reimburse Plaintiff Pacheco Herrera during his first workweek for all travel and visa expenses he incurred and therefore failed to pay Plaintiff Pacheco Herrera at his contract rate for each hour he worked during his first week of work from May 06 - May 19, 2024, and July 10-July 23, 2023.

118. Defendant Conchas failed to provide Plaintiff Pacheco Herrera at least a 30-minute lunch break each day he worked, but deducted 0.5 hours per day from Plaintiff Pacheco Herrera's pay,

and therefore failed to pay Plaintiff Pacheco Herrera at his contract rate for each hour he worked in 2023 and 2024.

119.    Plaintiff Pacheco Herrera claims attorneys' fees pursuant to ORS 20.082, Cal. Lab. Code § 1194.3, C.R.S. § 8-6-118, and NM Stat § 50-4-26 (E).

**THIRD CLAIM FOR RELIEF**
**Violation of Oregon Overtime Law**
**Defendant Conchas**

120.    Defendant Conchas' practice of not paying for compensable travel time caused Plaintiff Pacheco Herrera to work more than 40 hours in one or more weeks.

121.    In violation of ORS 653.261 and OAR 839-020-0045(3), Defendant Conchas willfully failed to pay Plaintiff Pacheco Herrera for compensable travel time and therefore failed to pay Plaintiff Pacheco Herrera at a rate of time and a half for each hour he worked in excess of 40 hours in a workweek.

122.    Pursuant to ORS § 653.055, Plaintiff Pacheco Herrera is entitled to his unpaid overtime wages and penalty wages equal to 240 times his hourly wage.

123.    Plaintiff Pacheco Herrera seeks reasonable attorney fees pursuant to ORS § 653.055.

**FOURTH CLAIM FOR RELIEF**
**Violation of California Overtime Law**
**Defendant Conchas**

124.    Defendant Conchas' practice of not paying for compensable travel time caused Plaintiff Pacheco Herrera to work more than 40 hours in one or more work weeks while he was working in California.

125.    In violation of Cal. Lab. Code §§ 510 and 1194, Defendant Conchas willfully failed to pay Plaintiff Pacheco Herrera for compensable travel time and therefore failed to pay Plaintiff

Pacheco Herrera at a rate of time and a half for each hour he worked in excess of 40 hours in a workweek.

126.    Pursuant to Cal. Lab. Code § 1194 (a) and Cal Lab Code § 203(a), Plaintiff Pacheco Herrera is entitled to his unpaid overtime wages and penalties of 30 times his daily wage.

127.    Plaintiff Pacheco Herrera seeks reasonable attorney fees pursuant to Cal. Lab. Code § 1194 (a) and Cal Lab Code § 1194.3.

**FIFTH CLAIM FOR RELIEF**
**Violation of Colorado Overtime Law**
**Defendant Conchas**

128.    Defendant Conchas' practice of not paying for compensable travel time caused Plaintiff Pacheco Herrera to work more than 40 hours in one or more work weeks he was working in Colorado.

129.    In violation of Dep't of Lab. & Emp., 7 Colo. Code Regs. 1103-1 Rule 1.9 and 4.1, Defendant Conchas willfully failed to pay Plaintiff Pacheco Herrera for compensable travel time and therefore failed to pay Plaintiff Pacheco Herrera at a rate of time and a half for each hour he worked in excess of 40 hours in a workweek.

130.    Pursuant to C.R.S. § 8-4-109(3)(b), Plaintiff Pacheco Herrera is entitled to his unpaid overtime wages and penalties of up to 300 percent of the wages due or $3,000.00, whichever is greater.

131.    Plaintiff Pacheco Herrera seeks reasonable attorney fees pursuant to C.R.S. §8-4-110(1)(b).

///
///
///

## SIXTH CLAIM FOR RELIEF
### Violation of New Mexico Overtime Law
### Defendant Conchas

132.    In violation of N.M. Stat. Ann. § 50-4-22(D), Defendant Conchas willfully failed to pay Plaintiff Pacheco Herrera for compensable travel time and therefore failed to pay Plaintiff Pacheco Herrera at a rate of time and a half for each hour he worked in excess of 40 hours in a workweek.

133.    Pursuant to N.M. Stat. Ann. §§ 50-4-22(D) and 50-4-26(C), Plaintiff Pacheco Herrera is entitled to his unpaid overtime wages and penalties equal to twice his unpaid wages.

134.    Plaintiff Pacheco Herrera seeks reasonable attorney fees pursuant to N.M. Stat. Ann. § 50-4-26 (E).

## SEVENTH CLAIM FOR RELIEF
### Failure to Provide Rest and Meal Periods Cal Lab Code §§ 226.7, 512
### Defendant Conchas

135.    In violation of Cal. Lab. Code § 512, Defendant Conchas failed to provide Plaintiff Pacheco Herrera required rest periods and 30-minute meal periods.

136.    Pursuant to Cal. Lab. Code § 226.7(c), Plaintiff Pacheco Herrera is entitled to one additional hour of pay at his regular rate for each workday that Defendant Conchas failed to provide a required meal or rest or recovery period.

## EIGHTH CLAIM FOR RELIEF
### Late Payment of Wages ORS § 652.140
### Defendant Conchas

137.    In violation of ORS § 652.140 Defendant Conchas willfully failed to pay Plaintiff Pacheco Herrera's wages earned and unpaid upon termination of employment.

138. Pursuant to ORS § 652.150, Plaintiff Pacheco Herrera is entitled to statutory damages of 240 times his average hourly wage.

139. Plaintiff Pacheco Herrera seeks reasonable attorney fees pursuant to ORS § 652.200.

## NINTH CLAIM FOR RELIEF
### Workers' Compensation Discrimination ORS § 659A.040
### Defendant Conchas

140. In violation of ORS § 659A.040, Defendant Conchas discriminated against Plaintiff Pacheco Herrera for invoking, and/or utilizing the procedures provided for in ORS chapter 656 and/or for applying for benefits available under ORS chapter 656.

141. As a result of Defendant Conchas's discrimination, Plaintiff Pacheco Herrera suffered wage loss and emotional distress including fear, stress and anxiety.

142. Plaintiff Pacheco Herrera seeks compensatory damages and attorney fees and costs pursuant to ORS § 659A.885.

## TENTH CLAIM FOR RELIEF
### Violation of Oregon Contractor Registration Act
### Defendant Conchas

143. Defendant Conchas is a farm labor contractor as defined in ORS § 658.405(4)(a)(A) because he recruited, solicited, supplied and/or employed workers to perform labor for another person to work in forestation or reforestation of lands for remuneration.

144. Defendant Conchas failed to accurately disclose employment conditions in writing to Plaintiff Pacheco Herrera in violation of ORS § 658.440(1)(f).

145. Defendant Conchas failed to pay Plaintiff Pacheco Herrera his wages when due in violation of ORS § 658.440(1)(c).

146. Defendant Conchas failed to ensure that housing under its control complied with requisite health standards in that occupants were forced to share beds or sleep on the floor in violation of

ORS § 658.440(2)(b) and OAR 437-004-1120(16)(f)(G).

147. Defendant Conchas induced Plaintiff Pacheco Herrera to give up compensation due to him under the workers' compensation laws in violation of ORS § 658.440(3)(f).

148. Defendant Conchas discriminated against Plaintiff Pacheco Herrera for asserting his right to workers' compensation available under OCRA in violation of ORS § 658.452.

149. Defendant Conchas assisted Defendant Del Al to violate OCRA by hiring Defendant Del Al to recruit and solicit workers to perform reforestation work in Oregon without obtaining a license pursuant to ORS § 658.410.

150. Plaintiff Pacheco Herrera is entitled to the greater of his actual damages or $1,000 in statutory damages per violation pursuant to ORS § 658.453.

151. Plaintiff Pacheco Herrera seeks costs and reasonable attorney fees pursuant to ORS § 658.453.

**ELEVENTH CLAIM FOR RELIEF**
**Deliberate Injury**
**Defendant Conchas**

152. Defendant Conchas employed one or more employees and/or Defendant Conchas had ownership, control, or custody of how the workers commuted and where the work was performed.

153. Defendant Conchas' failure to train Plaintiff Pacheco Herrera was not an oversight. Defendant Conchas deliberately chose to omit chainsaw and handsaw training and best practices for reforestation work, requiring Plaintiff Pacheco Herrera to instead learn on the job or work through trial and error. Defendant Conchas knew this practice was unsafe and knew it would eventually result in serious injury or death.

154. Defendant Conchas owed a duty to Plaintiff Pacheco Herrera to provide first aid and

Page 20 – COMPLAINT

prompt access to medical care. Defendant Conchas deliberately ignored that duty.

155.    Defendant Conchas had a duty to Plaintiff Pacheco Herrera to provide or arrange transportation to a location where Plaintiff Pacheco Herrera could access adequate medical care. Defendant Conchas deliberately refused to do so.

156.    Defendant Conchas had a duty to Plaintiff Pacheco Herrera to report Plaintiff Pacheco Herrera's injury to his workers' compensation insurer. Defendant Conchas deliberately refused to do so.

157.    Defendant Conchas deliberately refused to meet these duties to Plaintiff Pacheco Herrera in order to harm Plaintiff Pacheco Herrera by avoiding his claim for workers' compensation.

158.    As a direct result of Defendant Conchas' deliberate, intentional misconduct,  Defendant Conchas failed to protect the life, safety, and health of Plaintiff Pacheco Herrera by deliberately not addressing the workplace injury, forcing Plaintiff Pacheco Herrera to wait three to four hours in outdoor icy conditions, coercing Plaintiff Pacheco Herrera not to disclose to the medical clinics that his injury occurred at his workplace, coercing Plaintiff Pacheco Herrera to seek medical treatment in his home country and discouraging Plaintiff Pacheco Herrera from invoking his workers' compensation rights, and then abandoning Plaintiff Pacheco Herrera, rendering him homeless and without medical care.

159.    As a result of the aforementioned injury, Plaintiff Pacheco Herrera has incurred lost wages to date in the approximate sum of $29,784.

160.    For his emotional distress, Plaintiff Pacheco Herrera is entitled to noneconomic damages in a reasonable amount to be determined by a jury to fully and fairly compensate Plaintiff Pacheco Herrera for his damages in accordance with Oregon law.

161.    Plaintiff Pacheco Herrera is entitled to pre-judgment interest at the legal rate of 9% annum for his economically verifiable losses from the date of loss to the date of entry of judgment herein.

162.    Plaintiff Pacheco Herrera reserves the right to amend this Complaint at the time of trial to completely allege his economic losses and/or to conform to proof offered at trial.

163.    Plaintiff Pacheco Herrera demands a jury trial.

### TWELFTH CLAIM FOR RELIEF
### Violation of Migrant and Seasonal Worker Protection Act
### Defendant Del Al

164.    Defendant Del Al is a farm labor contractor as defined in 29 U.S.C. § 1802 in that it recruited, solicited, furnished and/or transported migrant agricultural workers for remuneration.

165.    Plaintiff Pacheco Herrera was a migrant agricultural worker as defined in 29 U.S.C. § 1802(8)(A) who was recruited by Defendant Del Al to perform agriculture employment of a seasonal nature and was required to be absent overnight from his permanent place of residence.

166.    Defendant Del Al engaged in farm labor contracting activity without a certificate of registration from the Secretary of Labor in violation of 29 U.S.C. §1811(a).

167.    Plaintiff Pacheco Herrera seeks damages and injunctive relief pursuant to 29 U.S.C. §1854(c).

### THIRTEENTH CLAIM FOR RELIEF
### Violation of Oregon Contractor Registration Act
### Defendant Del Al

168.    Defendant Del Al is a farm labor contractor as defined in ORS § 658.405(4)(a)(A) because it recruited, solicited and supplied workers to perform labor for another person to work in forestation or reforestation of lands for remuneration.

169.    Defendant Del Al failed to carry a valid labor contractor's license at all times pursuant to

ORS § 658.440(1)(a) and ORS § 658.410.

170.    Defendant Del Al failed to obtain an endorsement to act as a farm labor contractor with regard to the forestation or reforestation in violation of ORS § 658.417.

171.    Plaintiff Pacheco Herrera is entitled to the greater of his actual damages or $1,000 in statutory damages per violation pursuant to ORS § 658.453.

172.    Defendant Del Al continues to act as an unlicensed labor contractor in Oregon and will continue to do so unless restrained by this Court.

173.    Plaintiff Pacheco Herrera has no adequate remedy at law.

174.    Under ORS § 658.475 Plaintiff Pacheco Herrera is entitled to injunctive relief and actual damages or $2,000, whichever amount is greater.

175.    Plaintiff Pacheco Herrera seeks costs and reasonable attorney fees pursuant to ORS § 658.453 and 658.475.

## VII.    PRAYER

WHEREFORE, Plaintiff Pacheco Herrera respectfully requests that this Court enter judgment in his favor and against Defendant Conchas as follows:

1.    On Plaintiff's first claim for relief, judgment against Defendant Conchas for actual damages or up to $500 in statutory damages per violation for Defendant Conchas's violations of AWPA pursuant to 29 U.S.C. §1854(c).

2.    On Plaintiff's second claim for relief, judgment against Defendant Conchas for unpaid contract wages and attorneys' fees pursuant to ORS 20.082, Cal. Lab. Code § 1194.3, C.R.S. § 8-6-118, and NM Stat § 50-4-26(E).

Page 23 – COMPLAINT

3.      On Plaintiff's third claim for relief, judgment against Defendant Conchas for unpaid Oregon overtime wages and penalty wages equal to 240 times Plaintiff Pacheco Herrera's hourly wage pursuant to ORS § 653.261 and 653.055 and reasonable attorney fees pursuant to ORS § 653.055(4).

4.      On Plaintiff's fourth claim for relief, judgment against Defendant Conchas for unpaid California overtime wages and penalties equal to 30 times Plaintiff Pacheco Herrera's daily wage pursuant to Cal. Lab. Code §§ 510, 1194 and Cal Lab Code § 203(a) and reasonable attorney fees pursuant to Cal. Lab. Code § 1194 (a) and Cal Lab Code § 1194.3.

5.      On Plaintiff's fifth claim for relief, judgment against Defendant Conchas for unpaid Colorado overtime wages and penalties up to the greater of 300 percent of Plaintiff Pacheco Herrera's wages due or $3,000.00 pursuant to Dep't of Lab. & Emp., 7 Colo. Code Regs. 1103-1 and C.R.S. § 8-4-109(3)(b) and reasonable attorney fees pursuant to C.R.S. §8-4-110(1)(b).

6.      On Plaintiff's sixth claim for relief, judgment against Defendant Conchas for unpaid New Mexico overtime wages and penalties equal to twice Plaintiff Pacheco Herrera's unpaid wages pursuant to N.M. Stat. Ann. §§ 50-4-22(D) and 50-4-26(C) and reasonable attorney fees pursuant to N.M. Stat. Ann. § 50-4-26 (E).

7.      On Plaintiff's seventh claim for relief, judgment against Defendant Conchas for one additional hour of pay at Plaintiff Pacheco Herrera's regular rate for each workday that Defendant Conchas failed to provide a required meal or rest or recovery period.

8.      On Plaintiff's eighth claim for relief, judgment against Defendant Conchas for unpaid wages and statutory damages of 240 times Plaintiff Pacheco Herrera's average

hourly wage, pursuant to ORS §§ 652.140 and 652.150 and reasonable attorney fees pursuant to ORS § 652.200(2).

9.    On Plaintiff's ninth claim for relief, judgment against Defendant Conchas for emotional distress in an amount to be determined at trial and attorney fees and costs pursuant to ORS § 659A.885(1).

10.    On Plaintiff's tenth claim for relief, judgment against Defendant Conchas for the greater of actual damages or $1,000 in statutory damages per violation for Defendant Conchas's violations of OCRA pursuant to ORS § 658.453 and reasonable attorney fees pursuant to ORS § 658.453(4).

11.    On Plaintiff's eleventh claim for relief, judgment against Defendant Conchas for actual damages in an amount to be determined at trial.

12.    On Plaintiff's twelfth claim for relief, judgment against Defendant Del Al for actual damages or up to $500 in statutory damages per violation for Defendant Del Al's violations of AWPA pursuant to 29 U.S.C. §1854(c).

13.    On Plaintiff's thirteenth claim for relief, judgment against Defendant Del Al for the greater of actual damages or $1,000 in statutory damages per violation for Defendant Del Al's violations of OCRA pursuant to ORS § 658.453 and enhanced statutory damages and injunctive relief ordering Defendant Del Al to comply with OCRA pursuant to ORS § 658.475 and reasonable attorney fees pursuant to ORS § 658.453(4) and 658.475.

14.    Award Plaintiff Pacheco Herrera prejudgment interest.

15.    Award such other and further relief as the Court deems just and proper.

///
///

DATED this 12th day of May 2026

**OREGON LAW CENTER**

By: /s/Kristine Osuna
**Kristine Osuna,** OSB #243123
kosuna@oregonlawcenter.org
PO Box 297
Woodburn, OR 97071
(503) 224-7157

**Madeleine Morawski**, OSB #235253
mmorawski@oregonlawcenter.org
138 NE 3rd Street, Suite 203
Gresham, Oregon 97030
(503) 676-5206

**Stephen S. Walters,** OSB 801200
swalters@oregonlawcenter.org
Oregon Law Center
522 SW 5th Ave, Suite 812
Portland, Oregon 97204
(503) 473-8311

**NORTHWEST WORKERS' JUSTICE PROJECT**

By:
**D. Michael Dale**, OSB #771507
michael@nwjp.org
310 SW 4th Ave., Ste. 320
Portland, OR 97204
(503) 525-8454

Attorneys for Plaintiffs.